UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES E. ANDERSEN,

               Appellant,

        -v-                           3:23-CV-957

U.S. TRUSTEE *et al.*,

               Appellees.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

CHARLES E. ANDERSEN
Appellant, Pro Se
100 North Main Street, Suite 310b
Elmira, NY 14901

UNITED STATES TRUSTEE           ERIN P. CHAMPION, ESQ.
Attorneys for Appellee               Ass't United States Trustee
10 Broad Street
Utica, NY 13501

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

    This is a bankruptcy appeal brought *pro se* by an attorney named Charles E. Andersen ("Attorney Andersen") over $1,200 in legal fees that Chief U.S.

---

[1] The caption also names the debtors, but they have not participated in this appeal.

Bankruptcy Judge Wendy A. Kinsella ordered him to repay to his former clients ("debtors") in a chapter 7 bankruptcy case.

As relevant here, Chief Judge Kinsella denied the debtors a discharge of their debts because it turned out that they had already been granted one in a bankruptcy case filed in 2016.[2] Thereafter, Chief Judge Kinsella ordered Attorney Andersen to refund the $1,200 in fees that the debtors had already paid him for his legal work.

Attorney Andersen has timely appealed. The U.S. Trustee for Region 2, which objected to the discharge below and sought the disgorgement of the legal fees at issue in this appeal, has appeared to defend the bankruptcy court's order, which was entered on August 4, 2023.

The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II.  LEGAL STANDARD

A federal district court enjoys jurisdiction to entertain appeals from "final judgments, orders, and decrees" issued by a bankruptcy court sitting in the same judicial district. 28 U.S.C. § 158(a). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear

---

[2] Chapter 7 debtors can usually get a discharge of their debts in bankruptcy, but a discharge may still be denied in certain situations set forth in the Code. 11 U.S.C. § 727(a)(1)–(12). As relevant here, a discharge may be denied if the debtors received one within the last eight years.

error and its conclusions of law *de novo.*" *In re Charter Commc'n, Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012).

## III. DISCUSSION

Upon *de novo* review of the parties' briefing, the August 4 Order will be affirmed. Chief Judge Kinsella heard argument on Attorney Andersen's claim that one or both of his clients had deceived him and/or the bankruptcy court.[3] Despite Attorney Andersen's arguments, Chief Judge Kinsella reasonably concluded that a search of the debtors' social security number would have revealed the debtors' prior bankruptcy filing, regardless of any confusion (intentional or otherwise) that may have been attributable to his clients' representations to him. There is nothing in the record to suggest that the bankruptcy court committed error, legal or otherwise, in ordering the disgorgement of the legal fee.

## IV. CONCLUSION

Appellant has not identified any factual or legal error.

Therefore, it is

ORDERED that

1. The August 4, 2023 Order of the Bankruptcy Court is AFFIRMED;

2. Attorney Andersen's appeal is DISMISSED; and

---

[3] As a result of Attorney Andersen's conduct and/or representations during those hearings, Chief Judge Kinsella referred him for possible discipline.

- 4 -

3. The motion to unseal documents is DENIED as moot.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: January 3, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge